**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| In re: MERRILLVILLE SURGERY CENTER, LLC, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | CAUSE NO. 2:12-CV-253-TLS |
| | ) | |
| KENNETH A. MANNING, | ) | Bankr. Case No. 10-20005 |
| | ) | Chapter 7 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 12-2002-JPK |
| | ) | |
| METHODIST HOSPITALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Withdraw the Reference [ECF No. 1], filed with the Bankruptcy Court on April 19, 2012, and docketed with this Court on July 3, 2012. The Defendant, Methodist Hospitals, Inc., requests that the Court withdraw the reference to the Bankruptcy Court so it can exercise its right to a jury trial with respect to the claims for relief raised in the trustee's adversary complaint. The Defendant also asserts that, according to recent Supreme Court precedent, the Bankruptcy Court lacks Constitutional and statutory authority to adjudicate the matters raised by the adversary proceeding.

**BACKGROUND**

On January 4, 2012, the Plaintiff, Kenneth A. Manning as Chapter 7 Trustee of the bankruptcy estate of Merrillville Surgery Center, LLC, filed an adversary proceeding to avoid and recover certain transfers made by Merrillville Surgery Center, LLC, to the Defendant pursuant to 11 U.S.C. §§ 544 (transfers), 547 (preferences), and 548 (fraudulent transfers). On

April 19, the Defendant filed a Motion seeking to withdraw the reference of this adversary

proceeding pursuant to 28 U.S.C. § 157(d). The Plaintiff argues that it is entitled to a jury trial on

the Plaintiff's preference and fraudulent transfer claims, and that because the Bankruptcy Court

is not authorized to conduct jury trials the reference must be withdrawn. As a second ground for

withdrawal, the Defendant argues that the Bankruptcy Court does not have constitutional or

statutory authority to adjudicate the Plaintiff's claims against it as a non-creditor Defendant,

citing a recent decision of the United States Supreme Court, *Stern v. Marshall*, 131 S. Ct. 2594

(2011).

The Plaintiff filed a response to the Defendant's Motion, conceding that cause exists for

the Court to withdraw the reference of the adversary proceeding based on the Defendant's right

to a jury trial. However, the Plaintiff asserts that the Court should not withdraw the reference

until the adversary proceeding is ready for trial. According to the Plaintiff, district courts

routinely permit bankruptcy courts to retain jurisdiction of an adversary proceeding until the

proceeding is ready for trial and that, in this case, it would be more efficient for the Bankruptcy

Court to maintain jurisdiction of this adversary proceeding to supervise discovery, conduct

pre-trial and settlement conferences, and rule on pre-trial motions. Finally, the Plaintiff contends

that the limited holding of *Stern v. Marshall* has no application to its avoidance claims against

the Defendant.

The Defendant's Reply asserts that the Bankruptcy Court's constitutional limitations

under *Stern v. Marshall* strongly militate in favor of immediately withdrawing the

reference—instead of waiting until it is ready for trial. Additionally, the Plaintiff argues that

regardless of how the Court interprets *Stern*, immediate withdrawal is appropriate because the

Bankruptcy Court does not have superior familiarity with this matter, and it would not promote judicial economy or the efficient administration of the bankruptcy estate to delay withdrawal.

On June 27, 2012, the Bankruptcy Court filed a Recommendation pursuant to Northern District of Indiana Local Rule 200-1(b)(1)(C). The Bankruptcy Court agrees that this Court should grant the Defendant's Motion to Withdraw pursuant to 28 U.S.C. § 157(d) because the Defendant is entitled to a jury trial and the United States Bankruptcy Court for the Northern District of Indiana is not authorized to conduct jury trials. The Bankruptcy Court urges the Court to rule on this basis alone—if it finds this basis for withdrawal of the reference to be valid—and refrain from offering any analysis of the potential application of *Stern v. Marshall*, a case that the Bankruptcy Court describes as having incredibly vague implications beyond its direct holding. The Bankruptcy Court also recommends that any withdrawal of the reference be as to the entire case, including pretrial functions, on grounds that this case may involve the issuance of appealable orders and that, upon withdrawal, the Bankruptcy Court no longer has any authority with respect to the case.

## DISCUSSION

District courts have original jurisdiction over all bankruptcy proceedings arising out of Title 11 of the United States Code, *see* 28 U.S.C. § 1334, but a district court may "provide that any or all cases under title 11 [of the United States Code] and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district," 28 U.S.C. § 157(a). Local Rule 200-1 of the United States District Court for the Northern District of Indiana addresses bankruptcy cases and proceedings. In Local Rule 200-

1(a)(1), this District Court has exercised its authority to automatically refer bankruptcy matters to the bankruptcy judges, and this automatic referral includes "all cases under Title 11 of the United States Code, and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11." Local Rule 200-1 also identifies matters to be determined by bankruptcy judges, matters to be determined or tried by district judges, and procedures that apply to motions to withdraw cases and proceedings to the district court. Local Rule 200-1(a)(1) includes a policy statement that it "is the intention of this court that the bankruptcy judges be given the broadest possible authority to administer cases properly within their jurisdiction, and this rule shall be interpreted to achieve this end."

A district judge "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown" for the removal.[1] 28 U.S.C. § 157(d); *In re Dorner,* 343 F.3d 910, 914 (7th Cir. 2003) (stating that "[d]istrict judges may refer matters to bankruptcy judges but also may withdraw them and render decisions themselves"). Section 157(d) does not define "cause," but courts generally consider the following factors in determining whether cause exists: whether withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy administration; whether it would reduce forum shopping; whether it would cause delay and costs to the parties; whether a particular court has familiarity with the case; whether parties have demanded a jury trial; and whether a core or

---

[1]This portion of § 157(d) provides for what is known as "permissive withdrawal." In addition to this sentence providing for permissive withdrawal, the statute also includes a mandatory withdrawal provision, which states: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Based on the briefs, it does not appear that the Defendant is making an argument for mandatory withdrawal.

non-core proceeding is involved. *See Matter of Powelson*, 878 F.2d 976 n.9 (7th Cir. 1989); *In re Comdisco Ventures, Inc.,* Nos. 04-C-2007, 04-C-2393, 01-24795, 2004 WL 1375353, at *2 (N.D. Ill. June 18, 2004); *U.S. (EPA) v. Envtl. Waste Control, Inc.*, 131 B.R. 410, 418 (N.D. Ind. 1991).

Here, the Defendant requests withdrawal on grounds that it is entitled to a jury trial on the Plaintiff's fraudulent transfer and preference claims. The right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court. *Matter of Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir. 1992); *Good v. Kvaerner U.S., Inc.*, No. 1:03-CV-476, 2003 WL 21755782, at *3 (S.D. Ind. July 25, 2003); *Consol. Indus. Corp. v. Welbilt Holding Co.*, 254 B.R. 237, 238 (N.D. Ind. 2000). Bankruptcy judges in this District are not permitted to conduct jury trials. N.D. Ind. L.R. 2001-1(c). Because the Defendant has not filed a proof of claim in the bankruptcy case, the Seventh Amendment right to jury trial applies to the Plaintiff's action to recover fraudulent transfers from it. *Granfinanciera v. Nordberg*, 492 U.S. 33, 36 (1989) (holding that "a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer . . . notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings'"). This right exists because the nature of the relief is legal, not equitable, 492 U.S. at 40–48, and because the fraudulent conveyance action is not a public right arising as part of the process of allowance and disallowance of claims, nor an integral to the restructuring of debtor-creditor relations, *id.* at 52–59. In *Granfinanciera*, the Supreme Court indicated that the same would be true of a trustee's preference claim where the defendant had not filed a claim against the estate. 492 U.S. at 58; *Cf. Lagenkamp v. Culp*, 498 U.S. 42, 43–45 (1990) (holding that because defendants filed claims against the bankruptcy estate they were not entitled to a jury trial on a preference claim);

*In re Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 798 (7th Cir. 1998). Thus, the Defendant is

entitled to a jury trial on the Plaintiff's preference and fraudulent transfer claims. Moreover,

because the Bankruptcy Court cannot conduct this trial, cause exists to withdraw the reference of

the adversary proceeding.

Despite the existence of cause for granting the withdrawal, the parties dispute whether

the withdrawal should be immediate, or whether it should or can be deferred to allow the

Bankruptcy Court to retain jurisdiction until the matter is ready for trial. The Plaintiff argues that

waiting to withdraw the reference until the adversary proceeding is trial-ready would serve the

interests of judicial economy and the parties because the case involves claims that are core to

bankruptcy proceedings and cases typically move more expeditiously in bankruptcy court. For

its part, the Bankruptcy Court's Recommendation is that the withdrawal be immediate. This is

based, in part, on the Bankruptcy Court's position that withdrawal leaves it "with no further

authority with respect to the case whatsoever." (Recommendation 8, ECF No. 1 at 101.) The

Bankruptcy Court argues that it either "has at the minimum the recommendatory authority

provided by 28 U.S.C. § 157(c)(1) concerning final case disposition, or it has no authority

whatsoever to deal further with anything in the case," and asserts that it does not serve a function

parallel to United States Magistrate Judges because it is a unit, not an adjunct, of the district

court. (*Id.*)

The Court agrees that once the withdrawal becomes effective, the Bankruptcy Court

would not have further authority over the case. However, the Court could locate no case law in

support of the proposition that a party's Seventh Amendment jury trial right required the

bankruptcy court to immediately relinquish jurisdiction and transfer the case to the district court.

To the contrary, in *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007), the court

"canvassed the numerous courts" which had addressed the issue of whether, once a jury request

is made, a bankruptcy court must relinquish jurisdiction and transfer the case to an Article III

court. "Universally these courts have all reached the same holding, that is, a Seventh

Amendment jury trial right does not mean the bankruptcy court must instantly give up

jurisdiction and that the case must be transferred to the district court." *Id.* "Instead, the

bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." *Id.* The

rationale for such holdings is two-fold:

> First, allowing the bankruptcy court to retain jurisdiction over *pre-trial* matters, does
> not abridge a party's Seventh Amendment *right to a jury trial*. A bankruptcy court's
> pre-trial management will likely include matters of "discovery," "pre-trial
> conferences," and routine "motions," which obviously do not diminish a party's *right*
> to a jury trial. Moreover, even if a bankruptcy court were to rule on a dispositive
> motion, it would not affect a party's Seventh Amendment *right* to a jury trial, as
> these motions merely address whether trial is necessary at all.

> Second, requiring that an action be immediately transferred to district court simply
> because of a *jury trial right* would run counter to our bankruptcy system. Under our
> current system Congress has empowered the bankruptcy courts to "hear" Title 11
> actions, and in most cases enter relevant "orders." As has been explained before, this
> system promotes judicial economy and efficiency by making use of the bankruptcy
> court's unique knowledge of Title 11 and familiarity with the actions before them.
> Accordingly, if we were to require an action's *immediate* transfer to district court
> simply because there is a jury trial right we would effectively subvert this system.
> Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial
> is actually ready* do we ensure that our bankruptcy system is carried out.

*Id.* at 787–88 (internal citations omitted) (emphasis in original); *see also In re Appalachian*

*Fuels, LLC*, 472 B.R. 731, 747 (E.D. Ky. 2012) ("The parties' right to a jury trial does not

remove the bankruptcy judge's authority to enter final orders and judgments when necessary in

core proceedings."); *In re Petters Co., Inc.*, 440 B.R. 805, 810 (Bankr. D. Minn. 2010) ("In the

case of a proceeding where a party is entitled to a jury trial, the bankruptcy judge will retain

authority over the proceeding until—at the earliest—it is established that a trial is necessary—i.e., all possibility of resolution via summary adjudication under Rule 56 or otherwise has been exhausted.").

The Court has located numerous opinions where, although withdrawal of the reference is appropriate because the party seeking the withdrawal is entitled to a jury trial under the Seventh Amendment, the court postpones withdrawal until pretrial matters and discovery have been completed. *See, e.g., In re Neumann Homes,* 414 B.R. 383, 387 (N.D. Ill. 2009) ("In the interests of judicial economy and efficient administration of the bankruptcy estate, the bankruptcy court is better suited to manage all pretrial matters and related issues arising out of the estate. Should a jury trial become necessary to resolve the issues articulated in the adversary proceeding, then we can consider whether to withdraw the reference at that time."); *In re Conseco Fin. Corp.*, 324 F.R. 50, 55–56 (N.D. Ill. 2005) (noting that courts "have recognized that the interests of judicial economy and efficiency are served by keeping an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for jury trial"); *Vista Metals Corp. v. Metal Brokers Int'l. Inc.*, 161 B.R. 454, 457 (E.D. Wis. 1993) (noting cases where courts found immediate withdrawal of reference inappropriate, despite the presence of  non-core proceeding with the right to a jury trial, until the case was "trial-ready"); *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992) ("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts.").

The Plaintiff's claims to avoid and recover payments as preferential and transfers as fraudulent are core proceedings, *see* 28 U.S.C. § 157(b)(2)(F) & (b)(2)(H), which often involve facts with which the bankruptcy court is already familiar as well as legal issues within the bankruptcy court's expertise. The Bankruptcy Court has presided over this case since 2010, and this Court must consider that hearing core matters in a district court raises a material risk of the inefficient allocation of judicial resources. However, at this juncture, the Court's knowledge of facts impacting this allocation is incomplete. For example, the Court is unaware of whether other preference suits exists, creating a situation where multiple actions would benefit from consistency in pretrial rulings and uniform management. Neither is it clear how familiar the Bankruptcy Court is with the facts of this particular adversary proceeding. Although the Recommendation refers to the potential that dispositive motions will be filed as a reason to withdraw the reference immediately, resolution of a motion to dismiss or a motion for summary judgment does not diminish a party's right to a jury trial, it merely addresses whether a trial is necessary at all—either because the Complaint allegations do not state a claim, or the judgment is warranted as a matter of law. *See, e.g., City Fire Equip. Co., Inc. v. Ansul Fire Prot. Wormald U.S., Inc.*, 125 B.R. 645, 649 (N.D. Ala. 1989) ("While motions to dismiss and motions for summary judgment may be dispositive, they do not impact on the right to a *jury* trial. They merely involve legal issues as to whether any trial is necessary."). Even a motion to dismiss based on *Stern v. Marshall* would fall within the expertise of the Bankruptcy Court, and this Court sees no impediment to the Bankruptcy Court making a determination, either to declare its lack of jurisdiction or to deny the motion. *See, e.g., In re Justice*, 224 B.R. 631, 633 (S.D. Ohio 1998) (bankruptcy court has "both the power and the duty to determine [its] own jurisdiction")).

9

Additionally, a motion challenging whether the Plaintiff has stated a claim upon which relief can be granted under statutes unique to bankruptcy law would also fall within the Bankruptcy Court's area of expertise and special knowledge of Title 11.

In light of the sparse information pertaining to these factors or any others that the Court should consider when deciding when to effectuate the withdrawal, the Court WITHHOLDS RULING on the Defendant's Motion to Withdraw the Reference [ECF No. 1], and GRANTS the parties and the Bankruptcy Court until October 22, 2012, to supplement the District Court's record. The Court advises that it is not inclined to make any ruling on the basis of *Stern v. Marshall*, having already concluded that withdrawal of the reference is appropriate for the Defendant to exercise its right to a jury trial.

SO ORDERED on August 28, 2012.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION